UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

|  |  |
|---|---|
| MYREE D. RUPRACHT,<br>    Plaintiff,<br><br>vs.<br><br>UNION SECURITY INSURANCE<br>COMPANY, et al.,<br>    Defendants. | 3:07-cv-00231-RCJ-VPC<br><br>**MINUTES OF PROCEEDINGS**<br><br>June 22, 2012 |

PRESENT:  <u>THE HONORABLE VALERIE P. COOKE</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:  <u>  KATIE LYNN OGDEN  </u>  REPORTER:  <u>            FTR            </u>

COUNSEL FOR PLAINTIFF(S):  <u>William Ginn                                  </u>

COUNSEL FOR DEFENDANT(S):  <u>John Aberasturi and (By telephone) Dennis Rolstad  </u>

**PROCEEDINGS: CASE MANAGEMENT CONFERENCE**

9:02 a.m. Court convenes.

      The Court addresses the parties regarding the purpose of this hearing as it relates to the most recent filings from both parties – Defendant's Motion to Compel (#104) and Plaintiff's Motion to Compel (#105).

      The Court allows for both parties to argue their respective positions regarding their motion to compel.

      Having heard from counsel and good cause appearing, the Court finds as follows:

    1.    **Plaintiff's Request for Production No. 55 - 58**

          With respect to plaintiff's requests 55-58, which seeks the appointments filed by Union Security with the California and Nevada Departments of Insurance, plaintiff argues that there are other documents available concerning the notices of appointments. Mr. Rolstad represent to the Court that the documents they have produced to Mr. Ginn are, in fact, all the documents it has available and there are no additional documents responsive to this request. It appears to the Court that for the reasons stated by Mr. Rolstad, Plaintiff's Motion to Compel in regards to the production as to this document request is **DENIED.**

Minutes of Proceedings
3:07-CV-00231-RJC-VPC
Page 2

2. **Plaintiff's Request for Production No.'s 97 and 98**

   Plaintiff's request no. 97 seeks for production of personnel files for all employees who handled Plaintiff's claim, or underwrote Policy No. 1231284656, including, but not limited to Marilyn Meister; Michelle Kearns; and Robyn Wallner. Plaintiff further requests in production no. 98 for employee performance evaluations. Mr. Ginn argues that any objections by the defendant claiming privacy issues is void because of the protective order in place for this matter that would prevent counsel from disclosing any information to anyone not authorized to review the documents. Mr. Ginn further states that the documents sought in this request are both relevant and reasonably calculated to lead to the discovery of admissible evidence.

   Defendant takes the position that there is no compelling reason for the production of the personnel files and that there are less intrusive ways to obtain the information Plaintiff is seeking. The Court is not convinced that the current request for personnel files and performance evaluations are narrow enough to exclude highly sanative information about an employee. Therefore, request for production no.'s 97 and 98 in plaintiff's motion to compel are **DENIED**. The Court suggests to Plaintiff that he may fashion a narrower request for production of personnel records or take the deposition of a person who is most knowledgeable regarding these issues. Should Plaintiff then discover information that would require Plaintiff to engage in further discovery, the Court will consider this request again.

3. **Defendant's Request for Production No. 2**

   Defendant's request no. 2 seeks for the production of any and all documents referring or relating to the arbitration. Mr. Rolstad argues that all the documents they are seeking are in fact discoverable and should be produced. Mr. Rolstad further argues that Plaintiff should not be able to use the protective order in his favor from producing the requested documents. Mr. Ginn takes the position that this request is duplicative in that the relevant documents have already been produced. Furthermore, any other documents which have not been produced are neither relevant nor likely to lead to discovery of admissible evidence. The Court concludes that the documents defendant seeks are such that they may lead to the discovery of admissible evidence. Defendant's request for production no. 2 **GRANTED;** and Plaintiff is directed to produce the documents which are responsive to Defendant's request.

Minutes of Proceedings
3:07-CV-00231-RJC-VPC
Page 3

      The Court schedules for a further case management conference to be held on **July 27, 2012, at 11:00 a.m.**  The case management report shall be filed no later than July 25, 2012.

**IT IS SO ORDERED.**

10:03 a.m. Court adjourns.

                                                          LANCE S. WILSON, CLERK

                                                    By: _____/s/_____
                                                           Katie Lynn Ogden, Deputy Clerk